IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW RAYVONNE WILLIAMS**                               **PETITIONER**

v.                                     **CIVIL ACTION NO.: 1:20-cv-220-LG-MTP**

**TIMOTHY MORRIS**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] filed by Andrew Rayvonne Williams and the Motion to Dismiss [9] filed by Respondent Timothy Morris. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [9] be granted and that the Petition for Writ of Habeas Corpus [1] be dismissed without prejudice for failure to exhaust available state remedies.

## PROCEDURAL HISTORY

On July 15, 2019, Petitioner was indicted in George County Circuit Court for aggravated domestic violence as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81. *See* [9-1]. On August 9, 2019, Petitioner pled guilty to two counts of kidnapping in Jackson County Circuit Court and was sentenced to thirty years in the custody of the Mississippi Department of Corrections. *See* [9-11]. Five days later he pled guilty to aggravated assault in George County Circuit Court and was sentenced as a habitual offender to serve twenty years. This twenty-year sentence was to run consecutively with the sentence imposed by the Jackson County Circuit Court. *See* [9-8] [9-10].

On July 6, 2020, Petitioner filed his Writ of Habeas Corpus [1] challenging his convictions and claiming that his lawyer was ineffective for not taking adequate time to prepare, that his sentencing was unjust, and that a "[w]itness's statement contradicts state's testimony."

1

Petitioner did not appeal the judgment of the George County Circuit Court or Jackson County Circuit Court or file a motion for post-conviction relief prior to filing the instant habeas petition. Respondent has now moved to dismiss the Petition [1] without prejudice for Petitioner's failure to exhaust his state court remedies. Petitioner did not file a response to the Motion [9] and the time for doing so has long since passed.

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)   (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

It is undisputed in this case that Petitioner has not filed any appeal or moved for post-conviction relief with the state court. Petitioner admits throughout his Petition [1] that he has not filed any form of appeal. Instead, he states that he failed to file an appeal in state court because he "had no knowledge of the law" and that his "lawyer refused to direct appeal." [1] at 5.

Mississippi law does not allow for direct appeals from a guilty plea. *See* Miss. Code Ann. § 99-35-101.[1] Though Petitioner claims to have no knowledge of the law, at the time his guilty plea was entered, he specifically affirmed that he understood that he was waiving his right to appeal the case. *See* ([9-8] at 2) ([9-9] at 1) ([9-12] at 2). Furthermore, "neither *pro se* status nor ignorance of the law is sufficient to excuse a procedural default." *See Bell v. Mississippi Dep't of Corr.*, No. 3:10-CV-711 HTW-LRA, 2011 WL 2604737, at *3 (S.D. Miss. June 13, 2011), *report and recommendation adopted*, No. 3:10-CV-711, 2011 WL 2601601 (S.D. Miss. June 30, 2011) (*citing Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)). Petitioner's lack of knowledge is insufficient to overcome his failure to exhaust state court remedies.

Petitioner states that he did not exhaust his state court remedies because his lawyer "refused" to directly appeal his convictions. Here, there was no appeal for counsel to file as none was available. Even if Petitioner were to claim that his counsel was ineffective for failing to appeal, a state remedy remains available to address such a claim.

Petitioner may still file a timely petition for post-conviction relief in state court. *See* Miss. Code Ann. § 99-39-5(2) (West) ("A motion for [post-conviction] relief under this article shall be made… in case of a guilty plea, within three (3) years after entry of the judgment of

---

[1] "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101.

3

conviction."). As Petitioner's judgments of conviction were entered in August of 2019, a petition for post-conviction relief remains an available remedy. *See Davis v. Tripplet*, No. 4:10-CV-207-DPJ-FKB, 2011 WL 1085108, at *1 (S.D. Miss. Mar. 23, 2011) (explaining that while direct appeal is not available in Mississippi after a guilty plea is entered, petitioner could still file a motion for post-conviction relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1); *see also* Miss. Code Ann. § 99-39-5.[2]

When, as here, a petitioner has failed to exhaust his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). The Supreme Court has cautioned that a "stay and abeyance" should only be available in "limited circumstances" because granting a petitioner's motion to stay and hold it in abeyance "effectively excuses a petitioner's failure to present his claims first to the state courts." *Id*. at 275, 277. It is only appropriate where the district court finds good cause for petitioner's failure to exhaust, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277-278. Here, as Petitioner has not requested a stay and has not shown good cause why he failed to exhaust his state court remedies, a stay is not appropriate under the three-part test articulated in *Rhines*. *Id*. at 278.

---

[2] "(1) Any person sentenced by a court of record in the State of Mississippi, including a person currently incarcerated…may file a motion to vacate, set aside or correct the judgment or sentence…if the person claims: (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;…(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy."

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Motion to Dismiss [9] be granted and that the Petition for Writ of Habeas Corpus [1] be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 26th day of April, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE